**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GUILLERMO E. HERRARA and MERCEDES BUSTAMANTE** | : : | **CIVIL ACTION** |
| **v.** | : : | |
| **LIBERTY INSURANCE CORPORATION** | : | **NO. 21-1819** |

**MEMORANDUM**

**Savage, J.**                                                                                              **April 28, 2021**

In removing this action for breach of an insurance contract, the defendant Liberty Insurance Corporation contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441. Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Because the defendant has not shown that the amount in controversy exceeds the $75,000.00 jurisdictional threshold necessary for subject matter jurisdiction under 28 U.S.C. § 1332, we shall remand the action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating, by a preponderance of the evidence, that the opposing parties are citizens of different states and the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(A), (B)); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Kaufman v. Allstate New Jersey Ins.*

*Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

In the complaint, the plaintiffs allege that their property sustained water damage. They do not describe the extent of the damage or losses. They assert that the losses sustained are covered by the insurance policy issued by Liberty.[1] The plaintiffs claim that Liberty has "failed to provide coverage for certain of Plaintiffs' losses" and failed to pay for the plaintiffs' losses.[2]

Asserting that the amount in controversy exceeds the jurisdictional threshold, Liberty contends that the complaint demands "an amount in excess of $50,000" and that the plaintiffs attached an estimate of their claimed damages in the amount of $193,076.44 to the complaint.[3] These facts are insufficient to establish that the plaintiffs' claims exceed the jurisdictional threshold.

First, the complaint does not contain an *ad damnum* clause stating the amount of damages claimed. It merely "demand[s] judgment against Defendant for all losses with interest."[4] Because Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated, the plaintiff in state court can only request damages

---

[1] Compl. (Doc. No. 1 at ECF 11-12) ¶¶ 3-5, 9.

[2] *Id.* ¶¶ 6, 11-12.

[3] Not. of Removal (Doc. No. 1 at ECF 3-5) ¶¶ 8, 13-14.

[4] Compl. at ECF 12.

in excess of or less than the amount for determining eligibility for arbitration. *See* Pa. R. Civ. P. 1021(b) and (c). Where the complaint seeks damages "in excess of" an amount below the federal jurisdictional amount, it is an "open-ended claim," which does not inform the amount-in-controversy inquiry. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

In removal cases, the court determines the amount in controversy from a reading of the complaint filed in the state court. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quoting *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)). *See also Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). "[W]e look only to the four corners of the pleading to see if it informs the reader, to a substantial degree of specificity, that all elements of federal jurisdiction are present." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 816 n.10 (3d Cir. 2016) (citation and internal quotation marks omitted).

When the complaint does not make a demand for a precise monetary amount, the court must "independently appraise" the claim's value to determine if it satisfies the amount-in-controversy requirement. *See Angus*, 989 F.2d at 146. The "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto–Owners Ins. Co.*, 835 F.3d at 395, 397 (quoting *Angus*, 989 F.2d at 146).

Conducting an independent appraisal of the value of the plaintiffs' claim based on a reasonable reading of the complaint, we cannot determine whether the amount in

controversy exceeds the jurisdictional threshold. Other than stating that the house "sustained covered losses due to water," the complaint does not describe the kind or extent of damages to the house for which it seeks coverage and payment from Liberty.

Nor does the estimate attached to the complaint show that the amount in controversy exceeds $75,000.00. The estimate, which was in the amount of $193,076.44, is part of the exhibit attached to the complaint. The complaint makes no reference to the estimate. It does not discuss the estimate's contents. One cannot determine if the plaintiffs are claiming all repairs itemized on the $193,076.44 estimate or just some of them. There is nothing in the complaint alleging what Liberty paid on the claim and what amount the plaintiffs contend remain unpaid or at issue. Absent allegations in the complaint clarifying the amount of damages claimed by the plaintiffs, we cannot discern how much is at issue.

Because the removing defendant has not shown that the amount in controversy exceeds $75,000.00, we shall remand this action for lack of subject matter jurisdiction.